# Exhibit A – Term Sheet

**ATOPTECH, INC., BANKRUPTCY CASE NO. 17-10111**
**DISTRICT OF DELAWARE**
**DIP FINANCING TERM SHEET**
**APRIL 18, 2017**

This term sheet (this "Term Sheet") contains some of the principal terms of a debtor-in-possession financing facility (the "DIP Loan") in connection with that certain Asset Purchase Agreement by and between the parties and such DIP Loan will only be made and utilized to the extent the Stalking Horse Bidder becomes the Successful Bidder pursuant in the auction process which will be submitted to the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") for approval, and subject to the terms and conditions below.

**TRANSACTION OVERVIEW**

| | |
|---|---|
| **Parties** | ATopTech, Inc., a Delaware corporation, as a debtor in possession; Avatar Integrated Systems, Inc. a Delaware corporation, as lender (the "*Lender*"). |
| **Commitments** | A post-petition revolving credit facility (the "*Loan*") of up to $6,000,000 (the "*Stated Principal Amount*") to be extended subject to the terms and conditions of the loan documents to be mutually agreed on, including the entry of a final order approving a sale of substantially all of the assets of the Debtor to the Lender (the "*Sale Order*") and the entry of a final order authorizing the Debtor to enter into the post-petition DIP loan facility with the Lender (the "*Post-Petition Financing Order*"). Good faith disagreements with respect to the loan documents shall not be deemed a breach of Lender's obligations under this term sheet and the Purchase Agreement to provide the Loan. |
| **Interest Rate and Default Interest** | Wall Street Journal (WSJ) Prime Rate plus 350 basis points. Upon an event of default, the Debtor shall pay additional interest at a rate of two percent per annum. Interest shall be calculated based upon the actual number of days elapsed in a 360-day year. |
| **Commitment Fee** | A commitment fee equal to one percent of the Stated Principal Amount will be fully earned and due and payable to the Lender from proceeds of the Loan. |
| **Fees** | Reasonable costs and expenses of Lender (including reasonable fees, expenses and disbursements of outside counsel) in connection with the administration of the Loan. |
| **Use of Proceeds** | Proceeds will be used to pay certain expenses and fees, provide operating capital, and pay the administrative costs of the Chapter 11 Case incurred through the close of the sale of the Transferred Assets to the Lender as set forth on an agreed-upon budget submitted by the Debtor and acceptable to Lender (the "*Budget*"), in an amount not more than the Stated Principal Amount. |
| **Monthly Payment and Repayment Provisions** | The Debtor shall pay interest on the first day of each month. The Debtor shall pay fees, expenses, and other amounts incurred by the Lender on demand. The Debtors shall |

| | |
|---|---|
| | repay all principal and accrued but unpaid interest, fees, costs, and all other amounts on the Maturity Date (defined below). |
| | The Lender will be entitled to credit the amount outstanding on the Loan in any sale of assets of the Debtor to Lender. |
| **Prepayment Premium** | None. |
| **Maturity and Termination Date** | The "*Maturity Date*" is the earliest date on which any of the following events occurs: (i) the substantial consummation (as defined in section 1101 of the Bankruptcy Code and which for purposes hereof shall be no later than the effective date) of a plan of reorganization; (ii) the close of a sale of the Purchased Assets to the Lender (the "*Transaction*"); (iii) the occurrence of an Event of Default (defined below); or (iv) September 30, 2017. |
| **Priority and Security** | All obligations arising under or relating to the Loan (the "*Obligations*") shall be secured by valid, perfected, and enforceable first priority liens and security interests (the "*Post-Petition Liens*") in all assets of the Debtor, whether now existing or hereafter acquired or created, and the products and proceeds thereof, and as a super-priority priming loan shall take priority over any administrative claims against Debtor's estate, subject only to the Carve-Out. |
| **Carve-Out** | "*Carve Out*" means, collectively, the sum of: (i) quarterly fees required to be paid to the Office of the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6); (ii) fees required to be paid to the Clerk of the Bankruptcy Court pursuant to 28 U.S.C. § 156(c) and (iii) the budgeted and approved professional fees included, costs, disbursements, charges and expenses by persons or firms retained by the Debtor or an official committee of unsecured creditors whose retention is approved by the Bankruptcy Court pursuant to sections 327, 328, 363 or 1103 of the Bankruptcy Code, but, in the case of subsection (iii), only if those fees, costs, disbursements, charges, or expenses were included in an approved Budget and incurred before an Event of Default (defined below).<br><br>No proceeds of the Loan may be used to pay claims for services rendered by any of the professionals retained by any person in connection with the assertion of or joinder in any claim, counterclaim, action, proceeding, application, motion, objection, defense or other contested matter against the Lender. |
| **Adequate Protection** | The Obligations shall have priority, pursuant to Section 364(c)(1) and (d)(1) of the Bankruptcy Code, over any and all other claims and administrative expenses, including those arising under sections 503(b) or 507(b) of the Bankruptcy Code. |
| | One week prior to accessing the Loan, on a weekly basis, the Debtor shall provide to the Lender an updated budget, which upon acceptance by the Lender in its sole discretion, shall become the Budget. |
| **Conditions to Closing and Advances** | The loan documentation will contain conditions to closing and to advances customary for facilities of this size, type and purpose. |
| **Representations and** | The loan documentation will contain representations and warranties customary for |

| | |
|---|---|
| **Warranties** | facilities of this size, type and purpose. |
| **Covenants** | The loan documentation will contain affirmative and negative covenants customary for facilities of this size, type and purpose. |
| **Loan Proceeds** | No proceeds of the Loan may be used to pay claims for services rendered by any of the professionals retained by any person in connection with the assertion of or joinder in any claim, counterclaim, action, proceeding, application, motion, objection, defense or other contested matter against the Lender. |
| **Indemnification** | The Debtor shall indemnify and hold harmless the Lender and its respective affiliates, and each such person's respective officers, directors, employees, attorneys, agents and representatives (each, an "***Indemnified Person***"), from and against any and all suits, actions, proceedings, claims, damages, losses, liabilities and expenses (including reasonable attorneys' fees and disbursements and other costs of investigation or defense, including those incurred upon any appeal) that may be instituted or asserted against or incurred by any such Indemnified Person as the result of the Obligations, Post-Petition Liens, and credit having been extended, suspended or terminated and the administration or encumbrance of such credit, and in connection with or arising out of the transactions contemplated hereunder and thereunder and any actions or failures to act in connection therewith, including any and all reasonable legal costs and expenses arising out of or incurred in connection with disputes between or among any parties, provided that Debtor shall not be liable for any indemnification of an Indemnified Person to the extent that any such suit, action, proceeding, claim, damage, loss, liability or expense results from that Indemnified Person's gross negligence or willful misconduct as determined by a court of competent jurisdiction. |
| **Events of Default** | Along with the customary payment, covenant, representations and warranties defaults, an "***Event of Default***" includes:<br><br>1. the Bankruptcy Court enters an order dismissing the chapter 11 case or converting it to a case under chapter 7 or any other chapter of the Bankruptcy Code, or appointing a chapter 11 trustee without the consent of the Lender;<br><br>2. the Debtor shall seek to disallow in whole or in part the Obligations or to challenge the validity, priority, or enforceability of the Post-Petition Liens and superpriority claims hereunder;<br><br>3. the Sale Order has not been entered prior to the Outside Date (as that term is defined in the Asset Purchase Agreement) in a form acceptable to the Lender in its sole and reasonable discretion;<br><br>4. the Post-Petition Financing Order is entered in a form and substance that is not acceptable to the Lender in its sole and absolute discretion; or, from and after the date of entry thereof, any Post-Petition Financing Order shall cease to be in full force and effect or shall have been vacated, stayed, reversed, modified or amended (or the Debtor takes any step to accomplish any of the foregoing) without the consent of the Lender;<br><br>5. the Debtor makes any payments other than as provided in the Budget or otherwise consented to by the Lender;<br><br>6. in any week, there is a negative variance of net disbursements, as measured on a cumulative basis, from those reflected in the Budget for such period (the "***Actual*** |

|  | | |
|---|---|---|
|  |  | *Variance*") of more than ten percent (the "**Permitted Variance**"). If the Actual Variance for such period is less than or equal to the Permitted Variance, the amount by which the Actual Variance is less than the Permitted Variance shall be carried forward to the next period and added to the Permitted Variance for such next period; |
|  | 7. | the Debtor shall be in material breach or shall fail to comply with the terms of the Lender's bid for assets of the Debtor, in any material respect; |
|  | 8. | a plan of reorganization, liquidating plan, or disclosure statement shall be filed by the Debtor that contemplates a sale of assets to anyone other than the Lender; or |
|  | 9. | an application or motion shall be filed by the Debtor for the approval of post-petition financing from any party other than Lender without Lender's consent in writing in its sole and absolute discretion. |